RHESA HAWKINS BARKSDALE, Circuit Judge,
specially concurring:
I concur in the result reached by the majority and in all but part I. of the *381 “Analysis” in its opinion. For part I., which concerns the denial of assistance of counsel for Troy Marks, I cannot agree with the ratio decidendi, especially the conclusion that the issue was adequately raised (preserved) in district court. It goes without saying that Troy Marks’ counsel should have stated far more clearly his position (objection) concerning not being allowed to confer with his client during the two lengthy recesses.
On the other hand, even reviewing the issue in the light most deferential to the Government and, accordingly, assuming that the issue was not preserved in district court; assuming that only a plain error standard of review would apply (discretion to correct obvious error that affects substantial rights and, inter alia, the fairness of the proceeding); and even assuming that, based on this record, a Geders violation, for the two instances at issue, did not automatically affect a substantial right for purposes of such review, I would still reverse Troy Marks’ conviction because, on this record, there was an obvious error that affected his substantial rights (Sixth Amendment assistance of counsel) and the fairness of this proceeding and, as a result, it is within our discretion to correct this error. See, e.g., United States v. Olano, 507 U.S. 725, 732-37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); Perry v. Leeke, 488 U.S. 272, 278-80, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989); Geders v. United States, 425 U.S. 80, 88-91, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).